# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MTD PRODUCTS INC,** | Civil Action No. |
| Plaintiff, | |
| v. | |
| **THE TORO COMPANY,** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| and | Jury Trial Demanded |
| **EXMARK MANUFACTURING COMPANY INCORPORATED,** | |
| Defendants. | |

MTD Products Inc ("MTD") hereby files this Complaint against The Toro Company and Exmark Manufacturing Company Incorporated (collectively, the "Defendants") as follows:

This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 8,011,458 entitled "STEERING AND DRIVING SYSTEMS AND RELATED VEHICLES" (attached hereto as Exhibit A) and United States Patent No. 8,136,613 entitled "VEHICLE CONTROL SYSTEMS AND METHODS" (attached hereto as Exhibit B).

## THE PARTIES

1. Plaintiff MTD Products Inc is incorporated in the State of Delaware, with its principal place of business located at 5903 Grafton Road, Valley City, Ohio 44280.

2. Upon information and belief, Defendant The Toro Company ("Toro") is incorporated in the State of Delaware, with a principal place of business at 8111 Lyndale Avenue South, Bloomington, Minnesota 55420.

3. Upon information and belief, Defendant Exmark Manufacturing Company Incorporated ("Exmark") is a wholly-owned subsidiary of Defendant The Toro Company and is incorporated in the State of Nebraska, with a principal place of business at 2101 Ashland Avenue, Beatrice, Nebraska 68310.

4. On September 6, 2011, United States Patent No. 8,011,458 (hereinafter "the '458 patent"), titled "STEERING AND DRIVING SYSTEMS AND RELATED VEHICLES," was duly and legally issued to MTD as assignee. Since that date, MTD has been, and still is, the owner of all rights, title and interest in the '458 patent, including the right to exclude the Defendants from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the '458 patent.

5. On March 20, 2012, United States Patent No. 8,136,613 (hereinafter "the '613 patent"), titled "VEHICLE CONTROL SYSTEMS AND METHODS," was duly and legally issued to MTD as assignee. Since that date, MTD has been, and still is, the owner of all rights, title and interest in the '613 patent, including the right to exclude the Defendants from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the '613 patent.

## JURISDICTION

6. This Court has original subject matter jurisdiction over this controversy concerning patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. §§ 271 and 281.

7. This Court has personal jurisdiction over the Defendants pursuant to the provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382, and the laws of the United States based upon, among other things, the following: both Toro and Exmark maintain established distribution networks for offering for sale, selling and/or shipping into this district their products, including one or more of the Infringing Lawnmowers (hereinafter defined) in their TimeCutter® line and eXmark® S-Series line. The Defendants' infringement of the '458 patent and '613 patent has tortiously injured MTD in this district. Further, the Defendants (a) regularly solicit business in this district and sell a substantial amount of products in this district; (b) upon information and belief, are engaged in substantial and non-isolated activities within this district, whether such activities are wholly within Ohio or otherwise; and (c) derive substantial revenue from goods used or consumed in this district.

8. Venue is proper in this Court in accordance with 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I - PATENT INFRINGEMENT (THE '458 PATENT)**

9. MTD restates the allegations set forth in paragraphs 1-8 and incorporates them by reference.

10. On September 6, 2011, United States Patent No. 8,011,458 was duly and legally issued by the U.S. Patent and Trademark Office. Since that date, MTD has been, and still is, the owner of all rights, title and interest in the '458 patent, including the right to exclude the Defendants from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the '458 patent.

11. The Defendants have directly infringed the '458 patent through the sale, offer for sale and use in, and through the manufacture in and/or importation into, the United States of certain products including their Toro® TimeCutter® SWX 5050 Series Riding Lawnmower,

Toro® TimeCutter® SW 3200 Series Riding Lawnmower, Toro® TimeCutter® SW 4200 Series Riding Lawnmower, Toro® TimeCutter® SW 5000 Series Riding Lawnmower, eXmark® S-Series 42 Riding Lawnmower, and eXmark® S-Series 50 Riding Lawnmower (collectively, the "Infringing Lawnmowers").

12. Upon information and belief, the Defendants have had actual knowledge of the '458 patent since prior to manufacturing and using the Infringing Lawnmowers.

13. MTD has complied with 35 U.S.C. § 287 since before the Defendants' infringement by fixing to its patented vehicles that are made, offered for sale, or sold with the United States the word "patent" together with the freely-accessible Internet address www.opepatents.com, which associates those patented vehicles with the number of the '458 patent.

14. Upon information and belief, the Defendants have profited from and will continue to profit from their infringing activities.  MTD has been and will be damaged by the Defendants' infringing activities and is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.  The amount of monetary damages MTD has suffered by the acts of the Defendants set forth above cannot be determined without an accounting.

15. The harm to MTD within this judicial district and elsewhere in the United States resulting from the acts of infringement of the '458 patent by the Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless the Defendants' infringing activities are enjoined.

16. Defendants' infringing activities related to the Infringing Lawnmowers complained of herein make this an exceptional case entitling MTD to the recovery of its reasonable attorneys' fees under 35 U.S.C. § 285 or other applicable law.

### COUNT II - PATENT INFRINGEMENT (THE '613 PATENT)

17. MTD restates the allegations set forth in paragraphs 1-16 and incorporates them by reference.

18. On March 20, 2012, United States Patent No. 8,136,613 was duly and legally issued by the U.S. Patent and Trademark Office. Since that date, MTD has been, and still is, the owner of all rights, title and interest in the '613 patent, including the right to exclude the Defendants from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the '613 patent.

19. The Defendants have directly infringed the '613 patent through the sale, offer for sale and use in, and through the manufacture in and/or importation into, the United States of the Infringing Lawnmowers.

20. Upon information and belief, the Defendants have had actual knowledge of the '613 patent since prior to manufacturing and using the Infringing Lawnmowers.

21. MTD has complied with 35 U.S.C. § 287 since before the Defendants' infringement by fixing to its patented vehicles that are made, offered for sale, or sold with the United States the word "patent" together with the freely-accessible Internet address www.opepatents.com, which associates those patented vehicles with the number of the '613 patent.

22. Upon information and belief, the Defendants have profited from and will continue to profit from their infringing activities. MTD has been and will be damaged by the Defendants'

infringing activities and is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty. The amount of monetary damages MTD has suffered by the acts of the Defendants set forth above cannot be determined without an accounting.

23. The harm to MTD within this judicial district and elsewhere in the United States resulting from the acts of infringement of the '613 patent by the Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless the Defendants' infringing activities are enjoined.

24. Defendants' infringing activities related to the Infringing Lawnmowers complained of herein make this an exceptional case entitling MTD to the recovery of its reasonable attorneys' fees under 35 U.S.C. § 285 or other applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MTD prays for judgment that:

A. United States Patent No. 8,011,458 was duly and legally issued, is valid, and is enforceable;

B. United States Patent No. 8,136,613 was duly and legally issued, is valid, and is enforceable;

C. The Defendants have directly infringed one or more of the claims of United States Patent No. 8,011,458 and United States Patent No. 8,136,613;

D. The Defendants, their respective officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringement of United States Patent No. 8,011,458 and United States Patent No. 8,136,613, including the Infringing Lawnmowers;

E. An accounting be had for the profits and damages arising out of the Defendants' infringement of United States Patent No. 8,011,458 and United States Patent No. 8,136,613;

F. MTD be awarded damages arising out of the Defendants' infringement of United States Patent No. 8,011,458 and United States Patent No. 8,136,613, with interest, but no less than a reasonable royalty;

G. MTD be awarded its attorneys' fees, costs, and expenses in this action;

H. MTD be awarded pre-judgment and post-judgment interest on its damages, as allowed by law; and

I. MTD be awarded such other relief as this Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MTD Products Inc hereby demands a trial by jury of all issues so triable.

Dated: April 20, 2015

Respectfully submitted,

 /s/ John S. Cipolla
John S. Cipolla (0043614)
Tracy Scott Johnson (0064579)
CALFEE HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114
Tel: (216) 622-8200
Fax: (216) 241-0816
jcipolla@calfee.com
tjohnson@calfee.com

Attorneys for MTD Products Inc